UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. ______________________

ANA MARIA ARROYOS,

Plaintiff,
vs.

NCL (BAHAMAS) LTD., a Bermuda Company,
a foreign profit corporation,

Defendant.
_______________________________________________/

**COMPLAINT**

**COMES NOW** the Plaintiff, ANA MARIA ARROYOS, by and through the undersigned counsel, and hereby alleges the following upon information and belief:

**THE PARTIES AND JURISDICTION**

1. Comes now, the Plaintiff, ANA MARIA ARROYOS, a resident of Argentina, and files this Complaint for Damages in an amount in excess of $75,000, exclusive of any fees and court costs. This Honorable Court possesses jurisdiction over the instant matter pursuant to 25 USC Section 1332 and the express terms of the ticket issued by Defendant containing a venue clause which requires that all disputes and matters arising out of and in connection with cruise and travel associated with the ticket be litigated in the United States District Court for the Southern District of Florida, in Miami, Florida.

2. At all times material hereto, the Defendant, NCL (BAHAMAS) LTD., hereinafter referred to as ("NCL"), was and is a business entity engaged in the shipping and passenger cruise business.

3. At all times material hereto, the Defendant, NCL (BAHAMAS) LTD., was and is a corporation engaged in the shipping and passenger cruise business; operated by and/or for the financial interests and/or benefits of the United States citizens. NCL (BAHAMAS) LTD., maintains a fleet of cruise ships that provide travel and related activities in international waters and at seaports in the United States of America and around the world. NCL (BAHAMAS) LTD., provides its passengers with travel packages, which include but are not limited to, room and board, entertainment, and cruise-sponsored shore excursions at selected ports of call.

4. At all times material hereto, all NCL (BAHAMAS) LTD., medical providers and medical staff providing medical services onboard the vessel and at the time of the alleged medical malpractice were all employees/agents/servants of Defendant, all such providers were acting in the scope of that employment/agency/servant relationship when they failed to follow the applicable standard of medical care during their treatment of the Plaintiff, ANA MARIA ARROYOS, which proximately caused severe, debilitating, and permanent injuries to the Plaintiff.

5. At all times material hereto, the Defendant, NCL (BAHAMAS) LTD., owned, operated, and managed the vessel *Norwegian Epic*.

**ALLEGATIONS COMMON TO ALL COUNTS**

6. **DATE OF ACCIDENT.** This accident occurred from April 12, 2015 through April 15, 2015, in navigable waters.

7. **LOCATION OF ACCIDENT.** This accident occurred on the vessel *Norwegian Epic*, a ship in navigable water while the Plaintiff was a passenger aboard. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, the incident occurred during such passenger cruise.

8. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF ACCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. The Plaintiff is not in possession of the Passenger Contract Ticket. The Defendant is in possession of the Guest Ticket Contract that was electronically mailed.

9. **DESCRIPTION.** The *Norwegian Epic* cruise ship was owned and operated by NCL (BAHAMAS) LTD. Plaintiff, ANA MARIA ARROYOS, boarded the vessel *Norwegian Epic* on April 12, 2015 without any incident. Within a few hours of boarding, the Plaintiff began to feel ill. Specifically, Plaintiff began to experience severe abdominal pain and nausea. The Plaintiff sought treatment at the subject vessel's infirmary where her symptoms did not improve. The Plaintiff was offered narcotic painkillers, which she refused. No additional treatments were rendered at that time. Plaintiff was sent away from the vessel's infirmary back to her passenger cabin where she remained until the following evening.

10. On the evening of April 13, 2015, Plaintiff once again presented herself for treatment at the infirmary and reported her symptoms to the medical staff. The Plaintiff provided her symptoms to the staff and explained that the abdominal pain she was experiencing had significantly increased. Ms. Arroyos was told by medical staff, that she had a stomach flu and was given large amounts of intravenous fluids and narcotic painkillers. Plaintiff remained in the infirmary.

11. On April 15, 2015, Plaintiff remained in the infirmary under the care of the medical staff. The *Norwegian Epic* reached its port of call and Plaintiff, ANA MARIA ARROYOS was finally removed from the vessel, on a gurney, to a hospital nearly fifty miles away in Kingston, Ocho Rios, Jamaica.

12. The needless and significant delay in treating Plaintiff's medical condition proximately caused her permanent and serious injury. The failure by the vessel's shipboard staff and health care providers to diagnose and reasonably treat Plaintiff caused her permanent and serious injury.

13. At all times material, Defendant, NCL (BAHAMAS) LTD, acknowledged and requested that each and every shipboard physician and medical staff during the subject voyage were, at all times acting on behalf of Defendant, NCL (BAHAMAS) LTD, and each physician and medical staff member accepted said undertaking.

14. At all times material, all medical professionals aboard the subject vessel were employed by Defendant, NCL (BAHAMAS) LTD, were its employees or agents, and were at all times material acting within the scope and course of their employment.

15. At all times material, Defendant, NCL (BAHAMAS) LTD, directly paid the onboard medical staff for their work in the infirmary/ ships medical center, the infirmary/ships medical center was owned and operated by Defendant, NCL (BAHAMAS) LTD, marketing materials provided by NCL described the infirmary in proprietary language, and Defendant, NCL (BAHAMAS) LTD, medical personnel normally wore uniforms bearing Defendant, NCL's name and logo.

16. At all times material, Defendant, NCL (BAHAMAS) LTD, represented to immigration authorities, the United States Coast Guard and passengers that all shipboard medical personnel were members of the ship's crew and that the shipboard physicians were officers of said vessel, and at all times material superior officers commanded the physicians and medical staff.

17. At all times material, Defendant, NCL (BAHAMAS) LTD, not the shipboard medical personnel, paid to stock the ships infirmary with all supplies, medicine and equipment, as well Defendant, NCL (BAHAMAS) LTD, at all times, had the ability and power to discharge and/or fire any and all shipboard medical personnel.

18. Due to Defendant, NCL (BAHAMAS) LTD'S, negligence and failure to use reasonable care by its medical staff and continued assurance to Plaintiff that her medical condition was likely caused by "stomach flu", the Plaintiff, ANA MARIA ARROYOS, sustained a serious and permanent injury while under the care and treatment of the medical staff onboard the vessel, *Norwegian Epic*. As a direct and proximate result of Defendant's failure to exercise reasonable medical care, Plaintiff has sustained permanent injury and damage by Defendant, NCL (BAHAMAS) LTD.

**COUNT I**
**MEDICAL MALPRACTICE CLAIM**
**ACTUAL AGENCY**

19. This is an action to recover damages sustained as a result of the medical malpractice of Defendant, NCL (BAHAMAS) LTD by and through its ship board medical personnel and medical staff.

20. The Plaintiff, ANA MARIA ARROYOS, hereby adopts and realleges each and every allegation in paragraphs one (1) through eighteen (18), above.

21. Defendant, NCL (BAHAMAS) LTD., is and at all times material hereto was, a foreign profit corporation authorized and actively engaged in the business of providing health care services onboard the vessel *Norwegian Epic* during its passenger cruises.

22. Additionally, at all times material hereto, Defendant NCL (BAHAMAS) LTD., held itself out to the public and to the Plaintiff, in particular, as employing health care providers capable of and which undertook the corresponding duty to Plaintiff of providing reasonable medical care and services to ANA MARIA ARROYOS, in accordance with the level of care and skill which is recognized as acceptable and appropriate by reasonably prudent similar healthcare facilities in the same or similar community.

23. Notwithstanding this duty, Defendant NCL (BAHAMAS) LTD., by and through its medical staff, assumed a duty to the Plaintiff, ANA MARIA ARROYOS, by designating onboard medical staff to care for ANA MARRIA ARROYOS.

24. The medical staff onboard the vessel *Norwegian Epic* became the actual agents of Defendant NCL (BAHAMAS) LTD., as a result of said Defendants' actions and conduct as alleged, infra.

25. At all times material the medical staff were under the actual control and domination of the Defendant, NCL (BAHAMAS) LTD., and were held out to the public and/or the invitees, including ANA MARIA ARROYOS, as being the agents or employees of the Defendant NCL (BAHAMAS) LTD., possessing requisite authority on which the Plaintiff, ANA MARIA ARROYOS relied upon to her detriment. Defendant NCL (BAHAMAS) LTD., is therefore estopped from denying the agency relationship and is vicariously liable for the acts of negligence of the medical staff onboard the vessel *Norwegian Epic*.

26. At all times material hereto, passengers are billed directly through there Sign and Sail Card which then Defendant, NCL (BAHAMAS) LTD., pays a salary to all onboard medical staff for treatment of passengers aboard the vessel. Additionally, Defendant pays to stock medicines and medical equipment to perform the necessary tasks on board the vessel.

27. Defendant, NCL (BAHAMAS) LTD., by and through its agents or apparent agents breached its duty to Plaintiff, ANA MARIA ARROYOS, in one or more of the following ways:

a. Failing to recognize that Plaintiff Arroyos presented to the sick bay with signs and symptoms of sepsis syndrome;

b. Failing to recognize that Plaintiff Arroyos presented to the sick bay with signs and symptoms of an acute abdomen;

c. Failing to recognize that Plaintiff Arroyos presented to the sick bay with signs and symptoms of systemic inflammatory response syndrome;

d. Failing to recognize that Plaintiff Arroyos presented to the sick bay with signs and symptoms of acute peritonitis;

e. Failing to recognize that Plaintiff Arroyos' condition was worsening and developing into full-blown sepsis;

f. Failing to recognize that Plaintiff Arroyos' condition was worsening and developing into acute respiratory distress syndrome;

g. Failing to timely transfer Plaintiff Arroyos to an acute care facility when the medical staff knew or should have known that Plaintiff Arroyos required a surgical consult and likely interventions that were unavailable on the ship;

h. Failing to timely transfer Plaintiff Arroyos to an acute care facility capable of providing diagnostic tests and procedures required to properly treat Plaintiff Arroyos when the medical staff knew or should have known that the resources on board the ship were inadequate to provide appropriate care and treatment;

i. Misdiagnosing Plaintiff Arroyos with gastroenteritis and providing Plaintiff with unnecessary treatment when the medical staff knew or should have known that Plaintiff Arroyos was suffering from a much more serious condition that required treatment in an acute care facility off the ship.

28. As a direct and proximate result of the negligence of NCL (BAHAMAS) LTD., agents, Plaintiff, ANA MARIA ARROYOS suffered septic shock requiring emergency surgery and other permanent injuries.

29. All of the above acts or omissions on the part of Defendant NCL (BAHAMAS) LTD., by and through its agents, medical staff onboard the vessel *Norwegian Epic* were error, constituted negligence and departed from and fell below the standard of care required of medical personnel operating on board a cruise ship.

**COUNT II**
**MEDICAL MALPRACTICE CLAIM**
**APPARENT AGENCY CLAIM**

30. This is an action to recover damages sustained as a result of the medical malpractice of Defendant, NCL (BAHAMAS) LTD by and through their ship board medical personnel and medical staff.

31. The Plaintiff, ANA MARIA ARROYOS, hereby adopts and realleges each and every allegation in paragraphs one (1) through eighteen (18), above.

32. Defendant, NCL (BAHAMAS) LTD., is and at all times material hereto was, a foreign profit corporation authorized and actively engaged in the business of providing health care services onboard the vessel *Norwegian Epic* during its passenger cruises.

33. Additionally, at all times material hereto, Defendant NCL (BAHAMAS) LTD., held itself out to the public and to the Plaintiff, in particular, as possessing health care providers capable of and which undertook the corresponding duty to Plaintiff of providing reasonable medical care and services to ANA MARIA ARROYOS, in accordance with the level of care and skill which is recognized as acceptable and appropriate by reasonably prudent similar healthcare facilities in the same or similar community.

34. Notwithstanding this duty, Defendant NCL (BAHAMAS) LTD., by and through its medical staff, assumed a duty to the Plaintiff, ANA MARIA ARROYOS, by designating onboard medical staff to care for ANA MARRIA ARROYOS.

35. The medical staff onboard the vessel *Norwegian Epic* became the apparent agents of Defendant NCL (BAHAMAS) LTD., as a result of said Defendants' actions and conduct as alleged infra, Count I.

36. At all times material the medical staff were under the implied control and domination of the Defendant, NCL (BAHAMAS) LTD., and were held out to the public and/or the invitees, including ANA MARIA ARROYOS, as being the agents or employees of the Defendant NCL (BAHAMAS) LTD., possessing requisite authority on which the Plaintiff, ANA MARIA ARROYOS relied upon to her detriment. Defendant NCL (BAHAMAS) LTD., is therefore estopped from denying the apparent agency relationship and is vicariously liable for the acts of negligence of the medical staff onboard the vessel *Norwegian Epic*.

37. At all times material hereto, passengers are billed directly through there Sign and Sail Card which then Defendant, NCL (BAHAMAS) LTD., pays a salary to all onboard medical staff for treatment of passengers aboard the vessel. Additionally, Defendant pays to stock medicines and medical equipment to perform the necessary tasks onboard the vessel.

38. Defendant, NCL (BAHAMAS) LTD., by and through its apparent agents breached its duty to Plaintiff, ANA MARIA ARROYOS, in one or more of the following ways:

a. Failing to recognize that Plaintiff Arroyos presented to the sick bay with signs and symptoms of sepsis syndrome;

b. Failing to recognize that Plaintiff Arroyos presented to the sick bay with signs and symptoms of an acute abdomen;

c. Failing to recognize that Plaintiff Arroyos presented to the sick bay with signs and symptoms of systemic inflammatory response syndrome;

d. Failing to recognize that Plaintiff Arroyos presented to the sick bay with signs and symptoms of acute peritonitis;

e. Failing to recognize that Plaintiff Arroyos' condition was worsening and developing into full-blown sepsis;

f. Failing to recognize that Plaintiff Arroyos' condition was worsening and developing into acute respiratory distress syndrome;

g. Failing to timely transfer Plaintiff Arroyos to an acute care facility when the medical staff knew or should have known that Plaintiff Arroyos required a surgical consult and likely interventions that were unavailable on the ship;

h. Failing to timely transfer Plaintiff Arroyos to an acute care facility capable of providing diagnostic tests and procedures required to properly treat Plaintiff Arroyos when the medical staff knew or should have known that the resources on board the ship were inadequate to provide appropriate care and treatment;

i. Misdiagnosing Plaintiff Arroyos with gastroenteritis and providing Plaintiff with unnecessary treatment when the medical staff knew or should have known that Plaintiff Arroyos was suffering from a much more serious condition that required treatment in an acute care facility off the ship.

39. As a direct and proximate result of the negligence of NCL (BAHAMAS) LTD., agents, Plaintiff, ANA MARIA ARROYOS suffered septic shock requiring emergency surgery and other permanent injuries.

40. All of the above acts or omissions on the part of Defendant NCL (BAHAMAS) LTD., by and through its agents, medical staff onboard the vessel *Norwegian Epic* were error, constituted negligence and departed from and fell below the standard of care required of medical personnel operating on board a cruise ship.

## CLAIM OF ANA MARIA ARROYOS

41. The Plaintiff, ANA MARIA ARROYOS, adopts and realleges all prior material paragraphs, and further states:

42. As a direct and proximate result of the above-described negligent acts and/or omissions, the Plaintiff, ANA MARIA ARROYOS, makes the following claims for damages against NCL (BAHAMAS) LTD.:

a. Bodily injuries;

b. Resulting pain and suffering;

c. Permanent disability;

d. Permanent disfigurement;

e. Mental anguish;

f. Loss of the capacity for the enjoyment of life;

g. Expenses of medical, nursing, and rehabilitative expenses; and

j. Aggravation of a pre-existing condition.

43. These losses are either permanent or continuing and Plaintiff ANA MARIA ARROYOS will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, ANA MARIA ARROYOS, demands judgment against the Defendant, NCL (BAHAMAS) LTD., for the full value of her losses together with costs of suit to the extent allowable by law.

**DEMAND FOR JURY TRIAL**

The Plaintiffs hereby demand Trial by Jury of any issue triable of right by a jury.

Signed this 14th day of March, 2016.

Respectfully Submitted,

By:_____*/s/* Jack Paris____________________
**JACK PARIS, ESQ.** (FBN: 984310)

**THE COCHRAN FIRM SOUTH FLORIDA**
*Attorneys for Plaintiff*
657 South Drive, Suite 304
Miami Springs, Florida 33166
Telephone: (305) 567-1200
Facsimile: (305) 856-7747
jparis@cochranfirm.com
vvina@cochranfirm.com